CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orland Sylve**,<br><br>        Plaintiff,<br><br>    v.<br><br>**Best Buy Stores, L.P.**, a Virginia Limited Partnership;<br>**Minnesota BBC Inc.**; and Does 1-10,<br><br>        Defendants. | Case No.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Orland Sylve complains of Best Buy Stores, L.P., a Virginia Limited Partnership; Minnesota BBC Inc.; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. He is a quadriplegic who cannot walk and who uses a wheelchair for mobility.

2.  Defendants Best Buy Stores, L.P. and Minnesota BBC Inc. owned Best Buy located at or about 5101 Clark Avenue, Lakewood, California, in

Complaint

1   December 2018.

2       3.   Defendants Best Buy Stores, L.P. and Minnesota BBC Inc. own Best Buy

3   located at or about 5101 Clark Avenue, Lakewood, California, currently.

4       4.   Plaintiff does not know the true names of Defendants, their business

5   capacities, their ownership connection to the property and business, or their

6   relative responsibilities in causing the access violations herein complained of,

7   and alleges a joint venture and common enterprise by all such Defendants.

8   Plaintiff is informed and believes that each of the Defendants herein,

9   including Does 1 through 10, inclusive, is responsible in some capacity for the

10  events herein alleged, or is a necessary party for obtaining appropriate relief.

11  Plaintiff will seek leave to amend when the true names, capacities,

12  connections, and responsibilities of the Defendants and Does 1 through 10,

13  inclusive, are ascertained.

14

15  **JURISDICTION & VENUE:**

16      5.   The Court has subject matter jurisdiction over the action pursuant to 28

17  U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

18  Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

19      6.   Pursuant to supplemental jurisdiction, an attendant and related cause

20  of action, arising from the same nucleus of operative facts and arising out of

21  the same transactions, is also brought under California's Unruh Civil Rights

22  Act, which act expressly incorporates the Americans with Disabilities Act.

23      7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

24  founded on the fact that the real property which is the subject of this action is

25  located in this district and that Plaintiff's cause of action arose in this district.

26

27  **FACTUAL ALLEGATIONS:**

28      8.   Plaintiff went to Best Buy in December 2018 to shop.

Complaint

9.  Best Buy is a facility open to the public, a place of public accommodation, and a business establishment.

10. Point of sale machines at the checkout counters in the mobile phone department are one of the facilities, privileges, and advantages offered by Defendants to patrons of Best Buy.

11. Customers without a chip on their credit card or debit card are forced to slide their card from the top of the point of sale machine downward. The top of the point of sale machine at the mobile counter is about 57 inches in height. The center line of the screen, meanwhile, is 55 inches in height. This is not accessible to plaintiff.

12. Because the point-of-sale machines were so high, plaintiff had to hand over his card and provide his PIN number to an employee.

13. Currently, the point of sale machines at the mobile counter are inaccessible for plaintiff.

14. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

15. Plaintiff personally encountered this barrier.

16. This inaccessible facility denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

17. Plaintiff plans to return and patronize Best Buy but is deterred from visiting until the defendants remove the barriers.

18. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

19. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact,

Complaint

1   these barriers are readily achievable to remove. Moreover, there are numerous
2   alternative accommodations that could be made to provide a greater level of
3   access if complete removal were not achievable.

4      20. Plaintiff is deterred from returning and patronizing Best Buy because of
5   his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to
6   assess ongoing compliance with the ADA and will return to patronize Best Buy
7   as a customer once the barriers are removed.

8      21. Given the obvious and blatant nature of the barriers and violations
9   alleged herein, the plaintiff alleges, on information and belief, that there are
10  other violations and barriers on the site that relate to his disability. Plaintiff will
11  amend the Complaint to provide proper notice regarding the scope of this
12  lawsuit once he conducts a site inspection. However, please be on notice that
13  the plaintiff seeks to have all barriers related to his disability remedied. See
14  *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff
15  encounters one barrier at a site, he can sue to have all barriers that relate to his
16  disability removed regardless of whether he personally encountered them).

17

18  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**
19  **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all
20  Defendants.) (42 U.S.C. section 12101, et seq.)

21     22. Plaintiff re-pleads and incorporates by reference, as if fully set forth
22  again herein, the allegations contained in all prior paragraphs of this
23  complaint.

24     23. Under the ADA, it is an act of discrimination to fail to ensure that the
25  privileges, advantages, accommodations, facilities, goods and services of any
26  place of public accommodation is offered on a full and equal basis by anyone
27  who owns, leases, or operates a place of public accommodation. See 42 U.S.C.
28  § 12182(a). Discrimination is defined, inter alia, as follows:

4

Complaint

a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

24. Under the ADA, when a place of public accommodation offers a facility, privilege, or advantage to its customers, it must offer full and equal enjoyment of the same to persons with disabilities. 42 USC 12182(a).

25. Here, the electronic point of sale machines made available to customers in the mobile phone section of Best Buy are a distinct facility, privilege or advantage and, therefore, must be accessible to persons with disabilities also.

26. While there is no explicit access standard for "point of sale machines," the most analogous standard for display screens on such devices is found at section 707.7.1 of the 2010 Standards. Under that standard, the display screen must be visible from a viewpoint 40 inches above the floor. The

Complaint

California Building Code (CBC) is more explicit, directly addressing point of sale machines.

27. Since the 1995 version of the CBC—and continuing to this date—point of sales machines were required to be accessible to persons with disabilities. Under the CBC, where point of sale machines are provided at the accessible check stands, sales or service counters, the display screen must be visible from a viewpoint 40 inches above the floor. If the display screen is mounted vertically (or tipped away from the viewer less than 30 degrees) the center line of the display screen shall not be more than 52 inches above the floor. 11B-707.7.1.1. If the display screen is angled or tipped away from the viewer by more than 30 degrees but less than 60 degrees, then the center line of the display screen shall not be more than 44 inches above the floor. 11B-707.7.1.2. Finally, if the display screen is mounted horizontally (or tipped away from the viewer by more 60 degrees) then then the center line of the display screen shall not be more than 34 inches above the floor. This has been the accessibility standard in all versions of the CBC since 1995.

28. In the 1995 CBC, that standard as found at section 3105A(g)5. In the 1998 through 2013 versions of the CBC, that standard was found at section 1117B.7.5. Currently, that standard is found at section 11B-707.7.1.

29. Here, the screen is not visible to wheelchair users, would not be compliant under any standard, and Best Buy is, therefore, discriminating in the full and equal offering of privileges, advantages, and facilities to its customers.

30. Under the ADA, the highest operable part of controls, dispensers, receptacles and other operable equipment must be placed so that it is no higher than 48 inches above the ground if only a forward approach is provided or 54 inches if a parallel approach is possible. 2010 Standards 205; 308, 309.

31. The failure to ensure that these height/reach requirements are met is a violation of the law.

32. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

33. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

34. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

35. Given its location and options, plaintiff will continue to desire to patronize Best Buy but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

37. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

38. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities,

Complaint

privileges, or services offered.

39. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: December 19, 2018        CENTER FOR DISABILITY ACCESS

By: _____

Chris Carson, Esq.
Attorney for plaintiff

Complaint